# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| RHAKEEM FAVORS | : | CASE NO: 19-12039JKF |
| | : | |
| Debtor | : | |
| | : | |
| _____ | : | |

## DEBTOR'S RESPONSE TO TRUSTEE'S VIOLATION OF FED. R. BANK. P 9011 TITLED MOTION TO DISMISS

The Debtor, through counsel, responds to the motion of Scott F. Waterman, Esquire, Chapter 13 Standing Trustee (the "Trustee"), to dismiss (the "Motion") as follows:

1. The Motion is based on feasibility, but fails to specify the reasons for the alleged feasibility.

2. Debtor's Original Plan is, in fact, <u>over-funded</u> by at least $2,500.00 as demonstrated when reviewing the TWO remaining proofs of clam in this case:

| | |
|---|---|
| Total Plan Funding: | $23,700.00 |
| | |
| Maximum Trustee Commission (10%): | 2,370.00 |
| POC7 (Mortgage arrears): | $18,174.16 |
| <u>POC4 ( the sole unsecured claim)</u> | <u>$     568.95</u> |
| | |
| Excess funding: | $ 2,586.89 |

3. As simple mathematics demonstrates, there simply is no good faith basis for the Motion. Moreover, even if the current Original plan were not feasible, the Motion is still meritless. The fact that a pending proposed plan is infeasible is not, without more, cause for dismissal. Rather,

the Trustee must have a good-faith belief that Debtor will be <u>unable</u> to propose a feasible plan and that unreasonable delay is prejudicial to creditors.[1]

4. A feasible plan has been filed and is ready for confirmation. The Motion has no basis is law or fact.

WHEREFORE, Debtor prays that this Court enter an Order DENYING the Motion.

/s/ Alfonso G. Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215) 402-3437 (fax)

---

[1] Upon information and belief, the Trustee has a "policy" for filing dismissal motions in almost all Chapter 13 cases as a "prod" for debtors' attorneys to not delay in amending plans. This is a wholly improper use of such a motion and should only be brought where the facts warrant it.